# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| Jennifer Campbell | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, FLORIDA CONSUMER COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF** |
| Convergent Outsourcing, Inc. | |
| Defendant. | |
| | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Margate, FL at all times relevant to this action.

2. Defendant is a corporation that maintained its principal place of business in Houston, TX at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Section 559.55 *et seq.* of the Florida Statutes ("FCCPA"), because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

7. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

8. The principal source of Defendant's revenue is debt collection.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. Defendant is a "debt collector" as defined by the FCCPA, Florida Statutes §559.55(6).

11. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to a creditor, which had been incurred for personal rather than commercial purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The alleged obligation is a "debt" as defined by Florida Statutes §559.55(1)

14. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and Florida Statutes §559.55(2).

16. On or around December 14, 2012, Plaintiff retained an attorney to file bankruptcy.

17. On or around October 31, 2013, Defendant telephoned Plaintiff in connection with the collection of the debt.

18. On or around October 31, 2013, Plaintiff's law firm sent a notice of representation via facsimile to Defendant.

19. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt on November 18, November 19, November 20, November 21, November 22, November 25, November 27 and December 2, 2013.

20. On or around December 3, 2013, Plaintiff's law firm sent a second notice of representation via facsimile to Defendant.

21. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt on December 4, 2013.

22.  Defendant caused Plaintiff emotional distress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

25. In support hereof, Plaintiff incorporates paragraphs 18-21 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Defendant violated 15 U.S.C. §1692c(c) by communicating with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communications with Plaintiff.

27. In support hereof, Plaintiff incorporates paragraphs 18-21 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

29. In support hereof, Plaintiff incorporates paragraphs 18-21 as if specifically stated herein.

## COUNT FOUR

### Violation of the Florida Consumer Collections Practices Act

30. Defendant violated Florida Statutes §559.72(18) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

31. In support hereof, Plaintiff incorporates paragraphs 18-21 as if specifically stated herein.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.   Judgment against Defendant for actual damages, statutory damages, and

         reasonable attorney's fees and costs pursuant to Florida Statutes

         §559.77(2).

    c.   For such other legal and/or equitable relief as the Court deems appropriate.


        RESPECTFULLY SUBMITTED,

        Law Office of Jason Blust, LLC

        By:_____/s/ Adela D. Estopinan_____
           Adela D. Estopinan
           Bar # 25939
           3237 NW 7th St. #101
           Miami, FL 33125
           Telephone:  800.383.8180
           Email: Adela.Estopinan@clientfirstbankruptcy.com
           *Attorneys for Plaintiff*